**Arizona HALL Petitioner-Appellant**

v.

**Josh HAWLEY, Missouri Attorney General Respondent-Appellee**

No. 17-1090

United States Court of Appeals, Eighth Circuit.

Submitted: June 13, 2017

Filed: June 19, 2017

Arizona Hall, Pro Se

Stephen David Hawke, Assistant Attorney General, Attorney General's Office, Jefferson City, MO, for Respondent-Appellee

Before LOKEN, ARNOLD, and RILEY, Circuit Judges.

PER CURIAM.

On March 2, 2016, Arizona Hall filed a complaint in the United States District Court for the Eastern District of Missouri. He cited, among other statutes, 28 U.S.C. §§ 2241 and 2254, and 42 U.S.C. § 1983, and he claimed that he received ineffective assistance of counsel and suffered due process violations in proceedings underlying two separate criminal convictions that he incurred in 2013. Mr. Hall sought habeas corpus relief, discharge of his convictions and sentences, and restitution. The district

court instructed Mr. Hall to file an amended complaint raising only his civil rights claims, and directed the court clerk to send him a section 2254 form to use if he wished to file a separate habeas petition. See Hall v. State, No. 4:16-cv-00291-CDP, 2016 WL 4720457 (E.D. Mo. Sept. 9, 2016) (Hall 1).

Two weeks later Mr. Hall filed a section 2254 petition challenging both 2013 convictions; the court directed him to file an amended petition addressing only one conviction, and Mr. Hall complied. Thereafter, the court ordered Mr. Hall to show cause as to why the amended petition should not be dismissed as untimely. Attaching a copy of his Hall 1 filing, Mr. Hall argued that his claims were timely because he had first raised them before the limitations period expired. The district court dismissed the petition as untimely.

Upon careful review, we note that the district court did not discuss whether the claims in the amended petition relate back to those raised in Hall 1, which appears to have been filed within the limitations period. See Dodd v. United States, 614 F.3d 512, 515 (8th Cir. 2010) (claims in amended habeas petition relate back to original petition when they arise out of "same conduct, transaction, or occurrence" set forth in original petition and are tied to "common core of operative facts"). We vacate the order of dismissal and remand for the district court to consider the relation-back issue and—if the petition is deemed timely—the merits of Mr. Hall's claims, including any procedural default. We express no opinion on these questions.